IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TAVARIS QUINN, and ARMIE QUINN,

    Plaintiffs,

v.

JOSEPH VECCHIO, RICHARD RODRIQUEZ, AND CITY OF CHICAGO,

    Defendants.

Case No. 25-cv-10782

*Jury demanded.*

## COMPLAINT

NOW COME Plaintiffs TAVARIS QUINN and ARMIE QUINN, by their attorney, LAW OFFICE OF JORDAN MARSH LLC, and complaining of the Defendants, JOSEPH VECCHIO, RICHARD RODRIQUEZ, AND CITY OF CHICAGO, and state the following:

### JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the Federal claims. Venue is proper under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

4. At all times relevant herein, Plaintiffs TAVARIS QUINN ("Tavaris") and ARMIE QUINN ("Armie") were residents of the County of Cook, State of Illinois.

5. Defendants VECCHIO and RODRIQUEZ ("Defendant Officers") are sued in their individual capacities and were at all times relevant, sworn tactical police officers employed by Defendant CITY OF CHICAGO, and were acting within the scope of their agency, service and/or employment with the CITY OF CHICAGO, and were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

6. Defendant, CITY OF CHICAGO, is a government entity operating within the State of Illinois. The CITY OF CHICAGO is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, CITY OF CHICAGO was the employer of Defendants VECCHIO and RODRIQUEZ.

## FACTUAL ALLEGATIONS

7. On October 25, 2024, at approximately 5:40 p.m., Tavaris was in the passenger seat of his wife's car, at or near 127 E. Superior Street in Chicago, scrolling through his phone, when defendant officers approached the vehicle.

8. The officers stated that the vehicle was parked in a tow zone, and Vecchio suggested that Tavaris move the car to another location.

9. Vecchio requested Tavaris' driver's license. Tavaris complied, and Vecchio returned to his squad car to run Tavaris' information.

10. Upon his return, Vecchio informed Rodriquez that Tavaris had a valid FOID card but no Concealed Carry License ("CCL").

11. The officers ordered Tavaris out of the car. Tavaris complied and Rodriquez patted him down before handcuffing him.

12. The officers had no reasonable suspicion or probable cause to believe Tavaris had committed any crime.

13. Once Tavaris was out of the car, Vecchio walked from the passenger side of the car to the driver's side and began to search the car by opening the rear driver's side door and searching the back seat. Finding nothing, he opened the driver's door and searched the driver's seat. He then opened the center console and found Tavaris' wife's gun, which was registered to her and which she legally owned in Indiana before she and Tavaris' recent move to Illinois.

14. Tavaris did not know the gun was in the car.

15. The officers arrested Tavaris, and he was transported to the 18th District for processing. He was ultimately charged with Aggravated Unlawful Use of a Weapon, a Class 4 Felony punishable by up to three years in prison.

16. The officers impounded Armie's car, requiring her to pay approximately $2,500 to retrieve it.

17. In subsequent reports, Defendant officers claimed that as they initially approached the car, they observed Tavaris "reach into his waistband and remove a[n] "L" shaped object and reach into the center console of the vehicle."

18. This was false.

19. On December 3, 2024, Defendant Vecchio testified at a preliminary hearing in the case against Tavaris.

20. Vecchio testified at the preliminary hearing that "[u]pon my approach, I observed the defendant to go towards his waistband with his hands, move the L-shaped object and place it in the center console by opening a center console, placing the object in and then closing the center console down."

21. This testimony was false.

22. Tavaris did not go toward his waistband during the incident.

23. Tavaris did not move an L-shaped object during the incident.

24. Tavaris did not open the center console during the incident.

25. Tavaris did not place an object into the center console during the incident.

26. Tavaris did not close the center console during the incident.

27. Vecchio testified that after he observed Tavaris' actions with the "L-shaped object", he (Vecchio) "went into the vehicle directly to where those furtive movements were made. Inside that center console directly to the left of the defendant was a loaded firearm."

28. He testified that the object Tavaris removed from his waistband was dark in color and was consistent with the shape of a firearm.

29. He further testified that he observed Tavaris open up the center console, place the L-shaped object inside, and close the console.

30. Vecchio testified that Tavaris "was asked out of the vehicle due to those observations", meaning his observation that Tavaris removed an L-shaped object from his waistband, opened the center console, placed the object into the console, and closed the console.

31. Vecchio then testified that he ran Tavaris' name in LEADS *after* he found the gun.

32. Vecchio's testimony was false.

33. After he approached the vehicle (the point when Vecchio claimed to have seen Tavaris move the suspect gun from his waistband to the center console), Vecchio casually and calmly took Tavaris' driver's license and went to his vehicle to run Tavaris' name, while Tavaris waited in the car with Rodriquez standing outside the car speaking with Tavaris.

34. During this time, according to Vecchio's sworn testimony, he had already observed Tavaris pull a suspect firearm out of his waistband and place it in the center console.

35. During this time, according to Vecchio's sworn testimony, he "went into the vehicle directly to where those furtive movements were made. Inside that center console directly to the left of the defendant was a loaded firearm."

36. But that is not what actually happened.

37. In fact, Vecchio did not begin to search the car at this point.

38. Instead, he casually took possession of the driver's license that Tavaris handed him and walked to his car to run Tavaris' name.

39. Only after running Tavaris' name and returning to the car Tavaris was sitting in, and only after the officers ordered Tavaris out of the car, did Vecchio begin to search the car.

40. When he finally searched the car, contrary to his sworn testimony, Vecchio did not go "into the vehicle directly to where those furtive movements were made".

41. Instead, Vecchio began his search by walking around the rear of the car, opening the driver's side rear door, and searching the back seat.

42. Finding nothing, Vecchio closed the rear door, then opened the driver's door and searched the area by the front seat.

43. Finally, Vecchio searched the center console and recovered the weapon.

44. Not only was Vecchio's testimony about Tavaris' movements false, but his testimony regarding everything he did afterwards was also false.

45. Nothing that Vecchio or Rodriquez did after initially approaching the vehicle was consistent with them observing Tavaris pull a gun-shaped object from his waistband.

46. Based on Vecchio's perjured testimony, the judge found probable cause for the Aggravated Unlawful Use of a Weapon charge, allowing the case against Tavaris to move forward.

47. On April 22, 2025, Tavaris' attorney filed a motion to suppress based on the illegal stop and search of the car.

48. On July 29, 2025, before the motion to suppress was briefed, argued, or ruled on, the State dismissed the case against Tavaris via *Nolle Prosequi*.

49. By submitting knowingly false and perjured testimony, Vecchio unlawfully lied to and manipulated a Cook County judge and corrupted a judicial proceeding, leading to a false probable cause finding which extended the case against Tavaris.

50. On information and belief, Vecchio lied to the Assistant State's Attorney prior to his testimony regarding Tavaris' actions on the date in question.

51. As a result of the officers' unlawful conduct and false reports and Vecchio's perjured testimony, Tavaris was forced to obtain and pay defense counsel, and endure months of fear and anxiety, and the threat of felony prosecution and years in prison.

52. Defendant officers caused Armie's car to be impounded without due process or probable cause.

53. Defendant officers' false arrest of Tavaris caused the Cook County Sheriff to seize Tavaris' legally owned weapons from his home.

54. As a result of the foregoing, Tavaris and Armie were deprived of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, as well as Illinois law.

## PRAYER FOR RELIEF

For the foregoing reasons, the Plaintiffs TAVARIS and ARMIE QUINN, prays for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney fees and costs, and for any additional relief this Court deems just and proper.

## JURY DEMAND

The Plaintiffs TAVARIS and ARMIE QUINN requests a trial by jury.

**DATED:** September 8, 2025

                                                           Respectfully submitted,
                                                           TAVARIS and ARMIE QUINN

                                                           /s/ Jordan Marsh
                                                           *Attorney for the Plaintiff*

**LAW OFFICE OF JORDAN MARSH LLC**
33 North LaSalle Street Suite 2000
Chicago, IL 60602
(224) 220-9000
jordan@jmarshlaw.com